UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEWARD W. SCHER and/or PATRICIA ) <br> L. SCHER and RAYMOND E. NUSS ) <br> and/or EUNA S. NUSS ) <br>     Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> BANK ONE, DELAWARE, ) <br>     Defendant. ) | 1:05-cv-0540 RLY/WTL <br> consolidated |

**ENTRY ON PLAINTIFFS' MOTION TO REMAND**

Plaintiffs Steward Scher and/or Patricia Scher (collectively, "Plaintiffs"), Raymond Nuss, and/or Euna Nuss (collectively, the "Nusses") originally filed their cases on March 23, 2005 in the Superior Court of Hamilton County, Indiana. Plaintiffs' petition was assigned Cause No. 29D02-0503-MI-266, and the Nusses' petition was assigned Cause No. 29D02-0503-MI-268. On April 14, 2005, Defendant Bank One, Delaware ("Defendant") removed both petitions to the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. §§ 1332 and 1441(a). The two cases have since been consolidated.

This matter is now before the court on Plaintiffs' Motion to Remand. Plaintiffs argue that there is no diversity of citizenship between the parties and no federal question presented. Thus, they argue that federal jurisdiction does not exist. For the following reasons, Plaintiffs' Motion to Remand is **denied**.

1

**I.    Background**

Plaintiffs filed suit under the Federal Arbitration Act, 9 U.S.C.A. §§ 1-16, and the Indiana Uniform Arbitration Act, IC § 34-57-2 *et seq.*, seeking to enforce an arbitration award that was issued against Defendant by Cioe & Wagenblast, P.C. (Petition ¶¶ 2-3). Cioe & Wagenblast, P.C. is an Indiana corporation. (Petition ¶ 1). Plaintiffs are residents of North Carolina. (Notice of Removal ¶ 1). Defendant is a national bank with its principal place of business in Delaware, and Delaware is the state identified on Defendant's Certificate of Organization. (Notice of Removal ¶ 3). There is no dispute that the amount in controversy exceeds $75,000.

Plaintiffs argue in favor of remand on the grounds that there is no diversity between the parties. According to Plaintiffs, Defendant can be construed as a citizen of both Indiana and North Carolina because it conducts business in each of those states. (Motion to Remand ¶ 5). Plaintiffs also argue that this court does not have federal question jurisdiction under the Federal Arbitration Act. (Motion to Remand ¶ 11).

**II.    Analysis**

Jurisdictional questions involving national banks are controlled by 28 U.S.C. § 1348. Under the Seventh Circuit's interpretation of 28 U.S.C. § 1348, a national bank has citizenship in its principal place of business and in the state named on its organizational certificate. *Firstar Bank, NA v. Farrell*, 253 F.3d 982, 994 (7th Cir. 2001) (reversing district court's holding that a national bank is a citizen of every state in which it has a branch). Accordingly, Defendant is a citizen of Delaware and not of either

Indiana or North Carolina.  Because Plaintiffs are North Carolina citizens and Defendant is a Delaware citizen, there is complete diversity between the parties.  Therefore, this court has jurisdiction pursuant to 28 U.S.C. § 1332.

Furthermore, the Federal Arbitration Act grants jurisdiction to both state and federal courts. *See* 9 U.S.C.A. § 10.  As such, this court has jurisdiction pursuant to 28 U.S.C. § 1441.  Plaintiffs' argument to the contrary, citing *Mercy Hospital Association v. Miccio*, 604 F.Supp. 1177 (D.C.N.Y. 1985), is unpersuasive.  The *Miccio* court found that "[t]o make removal discretionary with the district court and base exercise of that discretion on a principle of deference to initial filing destroys the purpose and effect of the removal provisions." *Id*. at 1180.  The court does not have the discretion to remand a properly removed case. *Id*.

### III.   Conclusion

This court has both diversity and federal question jurisdiction over the case now before it.  Accordingly, Plaintiffs' Motion to Remand is **denied**.

**Dated: July 6, 2005.**

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

Ronald W. Buchmeier
HOPPER & BLACKWELL
rbuchmeier@hopperblackwell.com

Eugene G. Ziobron
genegmz@sbcglobal.net