UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STEWARD W. SCHER AND/OR | ) | |
| PATRICIA L. SCHER, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 1:05-cv-0540 RLY/WTL |
| | ) | |
| BANK ONE, DELAWARE, | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION TO CONSOLIDATE CASES**

This matter is before the court on Defendant Chase Bank's[1] ("Defendant") Motion to Consolidate Actions pursuant to Rule 42 of the Federal Rules of Civil Procedure. Defendant seeks to consolidate the above-captioned cause with *Nuss v. Bank One, Delaware*, which is now pending before Judge David F. Hamilton of this court under Cause No. 1:05-cv-0541-DFH/VSS. Defendant argues that consolidation will save costs for the parties, save time for the court, and avoid dissimilar results based on similar facts. For the following reasons, Defendant's Motion to Consolidate cases is **granted**.

**I.    Background**

On March 23, 2005, Steward and/or Patricia Scher and Raymond and/or Euna Nuss (collectively, "Plaintiffs"), filed petitions to enforce arbitration agreements against Bank One, Delaware in the Superior Court of Hamilton County, Indiana. Plaintiffs are

---

[1] Chase Bank, USA is the successor by merger to Bank One, Delaware, the originally named Defendant in this case.

represented by Eugene G. Ziobran. The Schers' petition was assigned Cause No. 29D02-0503-MI-266, and the Nusses' petition was assigned Cause No. 29D02-0503-MI-268. On April 14, 2005, Defendant removed both petitions to the United States District Court for the Southern District of Indiana.

The "facts" sections of Plaintiffs' petitions explain that the Schers' arbitration award was issued on October 15, 2004 whereas the Nusses' arbitration award was entered on October 11, 2004. The "prayer for relief" sections of the petitions explain that the Schers' are seeking an order that Defendants pay them $100,500 whereas the Nusses are seeking $96,000. Otherwise, the two petitions are identical.

Defendant favors consolidation, arguing that the actions involve common questions of law and fact. Plaintiffs oppose consolidation, arguing "[t]hat the cases involve the same Respondent and each an arbitration award does not necessarily involve common questions of law or fact." (Opposition ¶ 3).

**II.   Analysis**

Federal Rule of Civil Procedure 42(a) states that "[w]hen actions involving common questions of law or fact are pending before the court, it may order . . . the actions consolidated . . . ." The two petitions at bar appear to the court to be legally identical, and Plaintiffs' Opposition to the Motion to Consolidate does not suggest any questions of law which distinguish the two. The minor factual differences between the petitions – four days and $4,500 – are not significant enough to persuade the court that consolidation is inappropriate.

**IV.     Conclusion**

For the foregoing reasons, Defendant's Motion to Consolidate Actions is **granted**. The Nusses' case will be consolidated with the Schers', and both will proceed under Cause No. 1:05-cv-0540 RLY/WTL.  Pursuant to Local Rule 42.2, the Clerk is **ordered** to administratively close the file in Cause No. 1:05-cv-0541-DFH/VSS.

**It is so ordered** this 6th day of July 2005.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

Ronald W. Buchmeier
HOPPER & BLACKWELL
rbuchmeier@hopperblackwell.com

Eugene G. Ziobron
genegmz@sbcglobal.net